SMITH v. CENTRAL TRUST CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

1. WILL—WHERE CONSTRUED—NONRESIDENT LEGATEES.
   Where a resident of New Jersey dies there, and her will is probated there, its construction is determinable by the courts of that state, though property bequeathed in trust is in the possession of a foreign depositary, and the infant beneficiaries, with their guardian, are also nonresidents.

2. TRUSTS—DEPOSITARY—DISPOSITION OF INCOME.
   A trustee for minor beneficiaries cannot bind a depositary to pay the income of the trust fund to the guardians of the minors after the trustee's death.

3. SAME—INFORMATION AND ACCOUNTING.
   Information and an accounting in relation to a trust fund must be sought from the trustee, and not from the depositary.

Appeal from special term, New York county.

Action by Emma Condit Smith, as guardian of Louise Condit Smith and Sallie Barnes Smith, against the Central Trust Com-

pany of New York and William Pennington.    From a judgment in favor of defendants, plaintiff appeals.    Affirmed.

The mother of the above-named infants was Sallie L. D. B. Smith, who died in July, 1890, a resident of New Jersey. In that month her will was admitted to probate in Essex county, of that state. After directing the payment of all debts, funeral expenses, and a certain legacy, the will stated that, in case the testatrix left children surviving her, certain articles of personal property should go to her husband, George Condit Smith, and then provided: "I give, devise, and bequeath the equal undivided half part of all the rest of my property, as aforesaid; to my husband absolutely; and the other equal undivided half part thereof I give and bequeath absolutely to such child or children, and, if children, then in equal shares; but I direct that my husband shall hold the same in trust for such child or children during its or their minority, managing and investing the same according to law, and from time to time applying such parts of the income thereof to the support, maintenance, and education of such child or children as he may think advisable. The determination of my husband as to such management, investment, and application of income shall be final, and without appeal or question, as I have full confidence in his good sense and discretion." The testatrix left surviving two infant children, the above-named Louise Condit Smith and Sallie Barnes Smith. By two agreements made December 23, 1890, and May 25, 1891, her husband, George Condit Smith, deposited certain securities, representing the one undivided half of the estate held by him in trust for these children under the above provision of their mother's will, with the defendant trust company, the agreements providing that it should retain possession of them until the majority or death of the said children; collect the interest, and pay it over to himself during his life, and after his death to the guardians of the children appointed by his will or by some court of competent jurisdiction; deliver the securities to the children at their majority; and, in case of their death before majority, deliver the securities to the next of kin, under New Jersey law, of the child so dying. George Condit Smith subsequently died, and by his will appointed the plaintiff, his second wife, guardian of said children. This will was admitted to probate in New York county, of this state, on July 31, 1895. Previous thereto a petition had been presented to the chancellor of New Jersey by J. Condit Smith, the uncle of the children, as their next friend, for the appointment of a trustee under the will of Sallie L. D. B. Smith in the place of George Condit Smith; and in pursuance thereof the defendant William Pennington was appointed such trustee by order of the court of chancery made October 15, 1894. On the same day Mr. Pennington served notice upon the defendant trust company to pay over the securities and income thereof to no one but himself. The plaintiff, having accepted the appointment contained in the will of her husband, and received letters of guardianship from the surrogate's court of New York county, brings this action to have it decreed that the defendant Pennington has no interest in the securities deposited with the defendant trust company, or the income derived therefrom, and to have the defendant trust company account to her for the income already collected. At the trial the complaint was dismissed, and it was adjudged that the defendant trust company pay over to the defendant Pennington, as trustee under the will of Sallie L. D. B. Smith, the income of said securities.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Alex. Thain, for appellant.

John Brooks Leavitt, for respondent William Pennington.

Adrian H. Joline, for respondent Central Trust Co. of New York.

BARRETT, J.    The order of the chancellor of New Jersey, appointing Mr. Pennington trustee for the infants, Louise Condit Smith and Sallie Barnes Smith, is a conclusive answer to this action. By this order the chancellor adjudged that a trust for these

infants was created by the will of their mother Sallie L. D. B.
Smith and that Mr. Pennington should execute those trusts in the
room and stead of the trustee named in Mrs. Sallie Smith's will.
The order also conferred upon Mr. Pennington all the rights, pow-
ers, duties, and privileges incident to the appointment. This order
was within the jurisdiction of the court of chancery of New Jersey.
Mrs. Sallie Smith, the testatrix, was a resident of New Jersey. She
died there, and her will was executed and probated there. The prop-
er construction of that will was clearly determinable by the courts
of New Jersey, and the judgment of its court of chancery thereupon
cannot be questioned here. The appellant attacks the chancellor's
exercise of jurisdiction upon the ground that the infants, represent-
ed by her as testamentary guardian, were not domiciled in the state
of New Jersey. This point is without merit. The chancellor's ju-
risdiction did not depend upon the residence or domicile of the in-
fants, but upon the creation and existence of the trust in the state
of New Jersey. It was the fact that Mrs. Smith died a resident
of that state, and that her will was probated there, which gave
the court of chancery jurisdiction. Whether the chancellor exer-
cised that undoubted jurisdiction regularly depended upon the prac-
tice of the court of New Jersey. Counsel cites the law of New
Jersey in support of his contention that notice of the application
for Mr. Pennington's appointment should have been given to the
plaintiff, "with whom the infants were sojourning." But we can-
not consider this citation. It was neither alleged nor proved upon
the trial. It nowhere appears in the record. And, even if it had
been alleged and proved, the failure to give such notice amounted
to but a mere irregularity, not affecting the jurisdiction. If the
appointment was irregularly or erroneously made, the New Jersey
courts are open to the appellant. She can only complain here of a
lack of jurisdiction; and that complaint, we have seen, is entirely
unfounded. The conclusion is inevitable that the title to the property
in question is vested in Mr. Pennington for the trust purpose spec-
ified in Mrs. Sallie Smith's will, precisely as it was vested in the
original trustee, George Condit Smith. This conclusion is not in
the least affected by the incidents—First, that the property em-
braced within the trust happens to be within this state; and, sec-
ond, that the infants are now living here. The property is in the
hands of the Central Trust Company merely as custodian for the
trustee. It is quite immaterial where the trustee places the trust
property. Wherever he places it, he must account therefor to the
courts of New Jersey, and there is not the slightest necessity for
calling him into any other jurisdiction. It is true that the original
trustee, in placing the trust property in the hands of the defendant
corporation, agreed that that company should collect the income
and pay it to him during his lifetime, and upon his death pay such
income to the guardians of these children. This agreement, how-
ever, was revocable at any time. The trustee certainly could not
abandon his duty in favor of a trustee of his own appointment, nor
could he vary the legal effect of his own death upon the trust sit-
uation. The provision in his agreement with the trust company

that, upon his death, that company should pay the income of the trust fund to the guardians of the children, is plainly invalid. The trust company still holds the property as custodian,—as custodian now for the new trustee, Mr. Pennington,—and that gentleman is alone authorized to receive the income, and apply it as directed in Mrs. Sallie Smith's will. The plaintiff, as guardian of these children, has no right, as against the trustee, either to the principal or income of these securities. What part of the income she should receive from the trustee for the support and maintenance of the children is something with which we have nothing to do. Mr. Pennington's attorneys, in their letter to the plaintiff's counsel of April 1, 1896, very properly offered, on Mr. Pennington's behalf, to submit that question to the chancellor of New Jersey; but the offer was rejected, substantially for the reasons now assigned for the reversal of the judgment below.

It is claimed that the complaint should not in any aspect of the case have been dismissed, and that the plaintiff is entitled at least to know where her wards' property is, and what is its condition. The difficulty with this position is that she is not entitled to know these things from the defendant corporation. She may ultimately be entitled to know them from the trustee. If at any time she is denied information by the trustee which it is his duty to furnish, or if he misconducts himself in any manner with regard to his trust, she can file her bill against him for an account or for any appropriate relief in the court of chancery of New Jersey. The object of her present suit is to obtain a judgment—First, that the trustee has no interest in either the securities or the income in the hands of the trust company; and, second, that the trust company account to her for the income. She is not entitled to either relief. She has no title either to the securities or the income, and the trustee alone has such title. It follows that the trust company is answerable solely to the trustee, and that any information which the plaintiff requires with regard to the property must be obtained from him, and not from the trustee's custodian. The trustee was here brought in as a proper party to an action for an accounting against the trust company. He was not independently proceeded against as a trustee who had refused information with regard to the trust estate, or who had in any way misconducted himself. He was simply an adjunct to the action against the trust company for the purpose of shutting him out altogether; in other words, for the purpose, not of obtaining information or an account from a lawful trustee, but of settling the question whether he was a trustee at all.

The judgment was in all respects right, and should be affirmed, with costs to each of the respondents. All concur.